UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALVIN WILSON, | : | |
|     Plaintiff, | : | Civil Action No.: |
| | : | |
| v. | : | 3:12-cv-1581 (VLB) |
| | : | |
| BROOKE McKENNA, et al., | : | September 15, 2015 |
|     Defendants. | : | |

### RULING ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT

In February 2014, Plaintiff Alvin Wilson filed an amended complaint naming Defendants McKenna, Erfe, Farinella, Gillig, Aver, Wayen, William, Hanney, LaPlante, Pillai, Ford, and the State of Connecticut. Defendants moved to dismiss many of these claims. In March 2015, the Court ruled on Defendants' motion to dismiss and conducted an initial review of claims in the amended complaint. The Court also denied leave to file a second amended complaint to add additional claims and to characterize the current claims as violations of the Americans with Disabilities Act. The only remaining claim in this case is a claim against Defendant McKenna for deliberate indifference to a serious medical need. In May 2015, both parties filed motions for summary judgment. Neither party has filed an opposition to the motion against him or her. For the following reasons, Plaintiff's motion is DENIED without prejudice and Defendant McKenna's motion is GRANTED.

**Factual Background**[1]

Plaintiff alleges that Defendant McKenna closed the cell door on his hand cutting his finger to the bone on September 16, 2012.[2] Defendant McKenna denies doing so or observing the alleged injuries. She also states that Plaintiff never told her that she had closed the cell door on his fingers. Defendant McKenna did not work from September 17 to 19. On September 25, a medical staff member examined Plaintiff's finger and observed no open area, no scabbing, and no impaired range of motion. See Doc. #28 at 27.

The inmate grievance procedure for the Department of Correction is set forth in Section 6 of Administrative Directive 9.6. In 2012, the procedure required an inmate to first seek informal resolution of his complaint in writing on an Inmate Request Form. The informal resolution request must clearly state

---

[1] The facts are taken from the Local Rule 56(a) Statement filed by Defendant McKenna *and* the exhibits submitted by both parties. Local Rule of Civil Procedure 56(a)(2) requires the party opposing summary judgment to submit a statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)(1) Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. See D. Conn. L. Civ. R. 56(a)(2)–(3). Despite notice of his obligation to respond to the motion and the contents of a proper response, Plaintiff has not complied with this requirement. Accordingly, Defendant McKenna's facts are deemed admitted to the extent that each statement is, in fact, supported by admissible evidence. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

[2] On June 12, 2015, Plaintiff filed a second amended complaint, purportedly to correct defendant McKenna's first name and to correct the date of the incident from September 17, 2012 to September 16, 2012. As he failed to seek leave of court, the second amended complaint is not properly filed. However, for purposes of this ruling, the Court will accept that the incident occurred on September 16, 2012. In addition, Plaintiff addresses the arguments contained in Defendant McKenna's motion for summary judgment in the second amended complaint. The Court has considered these arguments in ruling on defendant McKenna's motion.

the problem and the action requested as a remedy. If the problem is not resolved informally, the inmate must file a grievance on the Inmate Administrative Remedy Form, attaching a copy of the Inmate Request Form and the staff member's response. The grievance must be filed within thirty days from the date of the incident. If the inmate is not satisfied with the response to his grievance, he may file a grievance appeal.

The Department of Correction maintains a grievance file for each grievance at each level of review. The Administrative Remedies Coordinator records each grievance that is filed in the grievance log. The record contains the name and inmate number of the grievant, the date of the initial receipt of the grievance, and the response at that level. The grievance log is confidential and kept in a locked cabinet.

Health Services reviews are not within the scope of Administrative Directive 9.6. They are addressed in Administrative Directive 8.9. Inmates must indicate whether they are filing an administrative remedy, health services review, or appeal on the grievance form and place the completed form in the Administrative Remedies box or Health Services box. If an inmate places his form in the wrong box, the grievance will be placed in the correct box once the error is identified.

Claims against staff are addressed using the grievance procedure. Plaintiff did not file a grievance from September 6, 2012 through November 16, 2012. On September 20, 2012, Plaintiff submitted an Administrative Remedy

3

form that stated he was filing a grievance and a health services review (although the form requires him to choose one or the other), indicating only that he wanted a review of diagnosis and treatment and other health care issues. On the attached page, he references only medical staff and states that he was not called to the medical unit on September 19, 2012 to have the cut on his finger treated. The submission was treated as a health services review. It was denied based upon a notation that Plaintiff was seen by medical staff twice on September 25, 2012, once each on September 28, 2012, and once on September 30, 2012. <u>See</u> Def.'s Mem. Ex. I, Doc. #29-10, at 2-3. There is no reference to Defendant McKenna on the form.

<u>Standard of Review</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of proving that no genuine factual disputes exist. *See Vivenzio v. City of Syracuse,* 611 F.3d 98, 106 (2d Cir. 2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). "If there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment

4

must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 315–16 (2d Cir. 2006) (internal quotation marks and citation omitted).

A plaintiff opposing summary judgment "cannot defeat the motion by relying on the allegations in his pleading . . . or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citation omitted). "At the summary judgment stage of the proceeding, [a plaintiff is] required to present admissible evidence in support of [his] allegations; allegations alone, without evidence to back them up, are not sufficient." *Welch–Rubin v. Sandals Corp.,* 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (citing *Gottlieb*, 84 F.3d at 518); *see Martinez v. Conn. State Library*, 817 F.Supp.2d 28, 37 (D. Conn. 2011). In other words, a party opposing summary judgment must produce more than "a 'scintilla of evidence,'" i.e., the evidence must be sufficient for "'a jury to properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'" *Fincher v. Depository Trust & Clearance Co.*, 604 F.3d 712, 726–27 (2d Cir. 2010) (quoting *Anderson*, 477 U.S. at 251–52).

## Legal Analysis

I. <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff's motion for summary judgment must be denied because he has not complied with the local rules. Local Rule of Civil Procedure 56(a)(1) requires that a motion for summary judgment be accompanied by "a document entitled

'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried."  Rule 56(a)(3) requires that each statement in the Rule 56(a)(1) Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."  Plaintiff has not complied with this requirement.  Accordingly, his motion for summary judgment is denied without prejudice.  See Tross v. Ritz Carlton Hotel Co. LLC, 928 F.Supp.2d 498, 503–04 (D. Conn. 2013) ("In this Circuit, a movant's failure to comply with a district court's relevant local rules on a motion for summary judgment permits, but does not require, a court to dispose of that motion.").  The Court will nonetheless consider Plaintiff's arguments and the exhibits filed in support of his motion for summary judgment in conjunction with Defendant McKenna's motion for summary judgment.

II.     **Defendant McKenna's Motion for Summary Judgment**

Defendant McKenna argues that Plaintiff failed to exhaust his administrative remedies before filing suit against her.  She also argues that there is no factual basis for Plaintiff's allegations of deliberate indifference to a serious medical need.

A.     **Exhaustion of Administrative Remedies**

42 U.S.C. § 1997e governs actions brought by prison inmates.  Section 1997e(a) provides that "[n]o action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This subsection applies to all claims regarding prison life. See Porter v. Nussle, 534 U.S. 516, 532 (2002). Section 1997e requires exhaustion of any available administrative remedies, regardless of whether they provide the relief the inmate seeks. See Booth v. Churner, 532 U.S. 731, 741 (2001). A claim is not exhausted until the inmate complies with all administrative deadlines and procedures. See Woodford v. Ngo, 548 U.S. 81, 90 (2006). Informal efforts to put prison officials on notice of inmate concerns do not satisfy the exhaustion requirement. See Marcias v. Zenk, 495 F.3d 37, 43 (2d Cir. 2007). If the deadline to file a grievance has passed, an unexhausted claim is barred from federal court. See Woodford, 548 U.S. at 95.

An inmate may be excused from the exhaustion requirement "only where (1) administrative remedies were not in fact available; (2) prison officials have forfeited, or are estopped from raising, the affirmative defense of non-exhaustion; or (3) 'special circumstances . . . justify the prisoner's failure to comply with the administrative procedural requirements.'" Adekoya v. Federal Bureau of Prisons, 375 F. App'x 119, 121 (2d Cir. 2010) (quoting Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004). The courts have found special circumstances where the failure to exhaust administrative remedies was caused by a reasonable but erroneous interpretation of prison regulations. See Bennett v. James, 737 F. Supp. 2d 219, 227 (S.D.N.Y. 2010), aff'd, 441 F. App'x 816 (2d Cir. 2011).

7

**Defendant McKenna has attached the relevant version of Administrative Directive 9.6 showing that administrative remedies were available to Plaintiff. Thus, Plaintiff was required to seek informal resolution of his claim in writing and to file a grievance in writing within thirty calendar days if his attempts were unsuccessful. Plaintiff has presented no evidence demonstrating that Defendant McKenna forfeited her affirmative defense of failure to exhaust administrative remedies or establishing special circumstances that would justify his failure to comply with these requirements. See Dkt. No. 10 (Answer) at 3.**

**Defendant McKenna has presented the affidavit of Administrative Remedies Coordinator John Ilvento who states that he received no grievances from the plaintiff from September 6, 2012 through November 16, 2012—the period during which any grievance regarding the September 16, 2012 incident would have been filed. Illvento also attached copies of the grievance log showing no grievances filed by Plaintiff. See Def.'s Mem. Ex. C & D, Docs. ##29-4, 20-5.**

**In his second amended complaint, Plaintiff addresses the exhaustion argument. He claims that he fully exhausted his administrative remedies and attaches copies of an Inmate Request Form, dated October 17, 2012, in which he describes the actions of Defendant McKenna and a grievance appeal, also dated October 17, 2012, on the same issue. See Doc. #33 at 12-14. He acknowledges that correctional officials have no record of any grievances on this issue and concludes, without evidence, that someone removed the grievances from his file. See Doc. #33 at 11.**

**Plaintiff's arguments are unavailing. The Inmate Request form is dated October 17, 2012, thirty-one days after the incident. Plaintiff was required to undertake the informal resolution process and then file his grievance within thirty days. Thus, even if this request were properly submitted, it is untimely. In addition, the grievance appeal form, dated the same day as the Inmate Request, seeks to appeal to level 2 and level 3 at the same time. This does not comply with the directive which permits an appeal to level 3 only if certain conditions are met and only after the level 2 disposition has been received. An appeal may be filed only after the response to the initial grievance has been received or the response time has passed. Because both forms purportedly were submitted on the same day, neither time period could have passed. Further, in response to the question on the form regarding the reason for the appeal, Plaintiff merely states that appeal is required to exhaust institutional remedies.**

The Court rules that Plaintiff has not complied with all of the administrative procedures and deadlines to properly exhaust his institutional remedies regarding his claims against Defendant McKenna. <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006). Defendant McKenna's motion for summary judgment is GRANTED on this ground.

B. <u>Merits</u>

Defendant McKenna also contends that there is no factual basis for the claim against her. Plaintiff avers that Defendant McKenna closed the cell door on his fingers and cut them to the bone causing extensive bleeding. He was not

provided immediate medical attention.

To establish a claim for deliberate indifference to a serious medical need, the plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (citing Estelle v. Gamble, 492 U.S. 97, 104-05 (1976)). There are both subjective and objective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or inactions. See Salahuddin v. Goord, 467 F.3d 262, 279–80 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. See id.

Defendant McKenna has submitted a copy of Plaintiff's medical records. The alleged injury occurred on September 16, 2016. Nine days later, or on September 25, 2012, Plaintiff was seen in the medical department for complaints of hand pain. The notation shows that Plaintiff complained of an injury to the middle finger of his right hand and that his injury occurred within the previous two weeks. The medical staff member examined Plaintiff's finger and observed

no open area, no scabbing, and no impaired range of motion. See Doc. #28 at 27. A finger cut with no visible injury or impaired range of motion after nine days does not constitute a serious medical need.

The only other evidence concerning Plaintiff's injuries derives from his own notarized statement in which he avers that he was cut down to the bone and suffered permanent damage. Such averments are directly contradicted by the medical record: a cut to the bone would leave some visible injury, and the medical examination revealed no impairment to range of motion. Because Plaintiff's allegations are blatantly contradicted by objective evidence created by someone other than the parties to the claim, Plaintiff's affidavit is insufficient to warrant the denial of summary judgment. See Vega v. Rell, 2015 WL 2145950, at *2 (2d Cir. May 8, 2015) (affirming grant of summary judgment where pro se prisoner attempted to directly contradict medical record with an affidavit). Accordingly, the Court GRANTS summary judgment in favor of Defendant McKenna on this ground as well.

## Conclusion

Plaintiff's motion for summary judgment [Doc. #25] is DENIED without prejudice.  Defendant McKenna's motion for summary judgment [Doc. #29] is GRANTED.  The Clerk is directed to enter judgment in favor of Defendants and close this case.

                              IT IS SO ORDERED.

                              _____/s/_____
                              Hon. Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut: September 15, 2015